ELLIS, Judge.
This is an action of boundary in which the plaintiff seeks to have established the boundary line between the property alleged to be owned by him and the property of the defendants which lies contiguous thereto. Plaintiff alleged that he was the owner of “Lots 5 and 6 in survey by T. A. Tycer, Surveyor and C. E.”, which were particularly described in his petition. Plaintiff also alleged that his property was bounded on the west side by a certain piece of land owned by the defendants herein, which is shown to be Lot 4 of a survey made by Womack, Parish Surveyor, in 1873 in an act of partition between the heirs of George Womack, deceased.
The defendants in their answer denied plaintiff’s allegation of ownership which is specifically mentioned in view of the fact that the plaintiff introduced no title to substantiate his allegation of ownership. The defendants denied that they were claiming any part of the property of the plaintiff and set forth their title to Lot 4 containing 167.5 acres and plead the prescription of 10 years, and in the alternative the prescriptive period of 20 years under a fixed and well-defined boundary, and in the alternative, 30 years open and peaceful possession.
The court appointed O. C. Hollister, a surveyor, to survey the property and report to the Court in accordance with law, which the surveyor did, and accordingly filed a procés verbal and map, and after trial judgment was rendered in favor of the plaintiff establishing and fixing the boundary according to the survey of O. C. Hollister, and it is from this judgment that the defendants have appealed.
The record shows that in 1873 the land of plaintiff and defendants was part of a larger tract which belonged to the heirs of George Womack, deceased, who caused a survey to be made by J. B. Womack, Parish Surveyor, in order to partition the property between the heirs. The defendants on the trial of the case introduced their title dated the 14th of January, 1919, which called for Lot 4 containing 167.5 acres according to the original Womack survey in 1873, and have further introduced a resurvey of Lot No. 4 made by C. M. Moore, Civil Engineer and Surveyor, on June 26, 1950 which also shows that this lot contained 167.5 acres. Although the defendants denied the article of plaintiff’s petition which sets forth hi's alleged ownership, the plaintiff failed to introduce his title and none was annexed *23 to the survey by Hollister who was appointed by the Court. We therefore have no proof of plaintiff’s title ownership. It is also true that the plaintiff, prior to the institution of this suit, had employed T. A. Tycer, Surveyor and 'Civil Engineer to survey the property, however, there is no sketch, plat or map of this survey introduced in the record.
It is shown by the testimony of the two surveyors, Moore and Hollister, that either Womack’s actual ground survey is incorrect or the record of that survey as shown by the conveyance records of St. Helena Parish is incorrect. Tycer, who surveyed the property for the plaintiff, according to the testimony followed the number of chains as shown by the conveyance records so far as the Womack survey and act of partition were concerned, while Moore, who surveyed the property for the defendants, followed the ground survey as shown by the old survey marks made by Womack, the surveyor in partitioning the property in 1873. Therefore, either the Tycer line or the Moore line is bound to be the correct line. The line as shown by Hollister is a compromise line between the Moore and Tycer lines, and did not follow either the ground survey as made by Womack in 1873 or the survey according to the records. The Moore survey is shown to follow the original Womack ground survey, for it checked with the northeast corner of Lot 4 established by Womack in 1873. The northeast corner of Lot 4 is also the northwest corner of Lot No. 3 of which plaintiff’s property is a portion.
Aside from the fact that the Hollister line could not be the correct boundary between Lots 3 and 4 for the reasons stated, the defendants have sustained by adequate proof their plea of prescription of 10 years, 20 years and 30 years. It is shown by the testimony that the defendants and their authors in title had a fence around Lot 4 and cultivated part of Lot 4. Between the property of the defendants, that is, Lots 3 and 4, a lane or road had been established for more than 30 years, and on each side of this lane was a fence, and the plaintiff’s property, which was on the east side of this lane was cultivated up to his line fence, while the defendants’ property on the west side of this lane was cultivated up to his fence. The map made by the court appointed surveyor, Hollister, shows the old road between the plaintiff’s and defendants’ property, also a field on the lower portion of Lot 4 to the road, and also an old house located on Lot 4 in the southeast corner thereof. This Hollister map also shows the line established by Tycer, and Hollister himself testified that the latter line was in accord with the records, and the map also shows the Moore line which goes down the road or lane 'between the two properties, and according to the testimony of Hollister it follows the ground survey by Womack, while his line is located between the Tycer and Moore lines. Hollister testified as to the fields and the fences on each side of the lane which divides the property of plaintiff and defendants, although he did not go to the northeast corner of Lot 4 across a creek, which Moore and other witnesses testified clearly showed big trees with the old survey marks still on them. Hollister did not go to this corner as the property of the plaintiff did not extend on the north to this comer, nor did it extend on the south to the southeast corner of Lot 4 which would also be the southwest corner of Lot 3. The testimony is clear and undisputed that the defendants had owned Lot 4 for some 34 years and their title calls for 167.5 acres. Lot 4 contains 167.5 acres if the ground survey made by Womack in 1873 is followed. It is shown by the testimony that Lot 4 was under fence and a portion of it being cultivated, not only at the time the defendants acquired it in 1919 but prior to that time for some 55 or 60 years.
Under the established facts of this case, the prescription of 10, 20 and 30 years under Articles 852-853 of the LSA-Revised Civil Code are a valid bar to plaintiff’s action.
It is therefore ordered that the judgment of the District Court is hereby reversed and it is ordered, adjudged and decreed that there be judgment in favor of the defendants dismissing plaintiff’s suit at his cost.